IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS J. KAWA, | ) | CASE NO. 8:08CV91 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| US BANCORP, INC., d/b/a US BANK, | ) | AND ORDER |
| N.A.; DUANE STREMPKE, Individually | ) | |
| and in his Official Capacity; BIORN | ) | |
| CORPORATION; HS FINANCIAL | ) | |
| GROUP, LLC; and UNIFUND CCR | ) | |
| PARTNERS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on motions to dismiss filed by Defendant US Bancorp, Inc., d/b/a US Bank, N.A. ("US Bancorp")(Filing No. 29), Defendant Duane Strempke ("Strempke")(Filing No. 31), and Defendants Biorn Corporation ("Biorn"), HS Financial Group ("HS"), and Unifund CCR Partners ("Unifund")(Filing No. 33). The Defendants submitted briefs in support of their motions, and the Plaintiff has not responded. For the reasons set forth below, the motions filed by US Bancorp, Biorn, HS, and Unifund will be granted, and the motion filed by Strempke will be granted in part.

**FACTS**

For purposes of the pending motions to dismiss, the following factual allegations in the Amended Complaint (Filing No. 18) are accepted as true.

The Plaintiff, Thomas J. Kawa ("Kawa"), is a resident of Douglas County, Nebraska. On or about January 24, 2006, US Bank, a wholly owned subsidiary of Bancorp, obtained a judgment against Kawa and a company in which Kawa owned an interest, MoneyMakers Automotive Surplus, Inc. ("MoneyMakers"). The judgment was in the amount of

$455,942.14, plus costs, and was based on debts that Kawa and MoneyMakers owed to US Bank.  On or about July 1, 2007, Kawa and US Bank entered into a settlement agreement whereby all debts owed to US Bank by Kawa and his wife, Debra, were wholly satisfied, and US Bank released any right to collect from Kawa any sums owed or allegedly owed to US Bank by MoneyMakers.  Strempke signed the agreement on behalf of US Bank.

After entering into the settlement agreement, US Bank sold to other Defendants in this action the "right" to collect certain debts from Kawa, although Kawa had been released from any further liability on those debts through the settlement agreement.  Such other Defendants[1] attempted to collect the debts from Kawa through correspondence and telephone calls, and they made negative credit reports about Kawa to national credit reporting agencies.  Unifund brought a collection action against Kawa in the Douglas County Court in an attempt to collect such previously satisfied debts.

On March 4, 2008, Kawa brought this action, alleging that the Defendants violated the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. §59-1602, 1609 (Reissue 2004); the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*  Kawa also alleged that US Bank and Strempke committed common law fraud by inducing him to sign a settlement agreement that they did not intend to honor, and that US Bank committed common law fraud by selling his fully satisfied debts for collection.  He has alleged that all Defendants engaged in a conspiracy

---

[1]The Amended Complaint refers to "co-defendants" without naming them specifically.  It is inferred that the reference to "co-defendants" is to all Defendants other than US Bancorp d/b/a US Bank, N.A., and Duane Strempke.

to violate the common law of Nebraska, and, finally, that US Bank breached the settlement agreement.

## STANDARD OF REVIEW

The Defendants' motions under Fed. R. Civ. P. 12(b)(6) challenge the sufficiency of the factual allegations in the Amended Complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . "  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.*, quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

## DISCUSSION

*US Bancorp*

US Bancorp has moved to dismiss Kawa's claims against it because the Amended Complaint acknowledges that US Bank is US Bancorp's wholly owned subsidiary. US Bancorp contends that a parent corporation is not liable for the actions of its subsidiary.

"[T]he doctrine of separate corporate existence does not break down merely because a corporation is a subsidiary, even if wholly owned by the parent."  *Global Credit Serv., Inc. v. Amisub (Saint Joseph Hosp.), Inc*., 508 N.W.2d 836, 842 (Neb. 1993).  For a plaintiff to pierce the corporate veil of a subsidiary corporation, the plaintiff must show that the parent corporation "totally dominated" the subsidiary to such extent that the

subsidiary "had no separate corporate existence and functioned solely to achieve the purposes of the dominant corporation." *Id.* at 843.

Kawa has alleged no facts from which it can be inferred that US Bancorp was not a corporate entity separate from its subsidiary, US Bank. All Kawa's allegations of wrongdoing are directed at US Bank, yet Kawa has sued US Bancorp. The Court concludes, as US Bancorp suggests in its brief, that "[s]imply put, Kawa has sued the wrong party." (Filing No. 30, p.2).

*Strempke*

Strempke has moved to dismiss all claims against him because the Amended Complaint does not allege that he acted in any capacity other than as an officer of US Bank when signing the settlement agreement, nor does the Amended Complaint allege that he participated in the alleged sale of debts to other Defendants or in any way attempted to collect on the debts outside the scope of the settlement agreement. Strempke notes that the only two claims in the Amended Complaint that could apply to him are Kawa's Fifth and Sixth Causes of Action, based on fraud and conspiracy.

With respect to the claim based on fraud, Strempke contends that Kawa's remedies are limited to dis-affirming the settlement agreement or affirming the agreement and suing for damages. *Little v. Gillette*, 354 N.W.2d 147, 153 (Neb. 1984)("[W]here a party is induced to enter a contract by fraud, the party must, upon discovery of the fraud, elect a remedy and shall either affirm the contract and sue for damages or disaffirm and be reinstated to the position existing prior to the contract."). Strempke contends that in either case, no cause of action could lie against him because he was not a party to the settlement agreement.

The Court disagrees. It is clear from the Amended Complaint that Kawa has no intention of dis-affirming the settlement agreement. He is seeking *damages* under his Fifth Cause of Action based on fraud. (Amended Complaint, Filing No. 18, ¶ 50). While it is true that Kawa's Seventh Cause of Action based on breach of contract is directed against US Bank,[2] his claim based on fraud names Strempke and alleges that Strempke induced him to enter into the settlement agreement knowing that the bank would not honor the release of his liability. (*Id.* ¶ 47). Kawa is seeking monetary damages from Strempke as a result of that alleged fraud. Strempke has cited no authority for the proposition that only a party to a contract can be liable under a claim for fraudulent inducement. To the contrary, the only authority cited by Strempke clearly holds otherwise. *See Little*, 354 N.W.2d at 153 ("[W]e hold that the [plaintiff] had a viable cause of action for fraudulent misrepresentation against [the agents] and their respective principals."). Liberally construing the Amended Complaint, Kawa has stated a claim against Strempke upon which relief can be granted in the Fifth Cause of Action based on fraudulent inducement.

Strempke contends that to the extent the conspiracy claim purports to present any claim against him, that claim must be dismissed because Kawa has not alleged that Strempke acted outside the scope of either his authority as an employee of the bank, or "other than in the normal course of [his] corporate duties." *Eicher v. Mid Am. Fin. Inv. Corp.*, 748 N.W.2d 1, 15 (Neb. 2008)("To pursue a claim of civil conspiracy where . . . the allegations involve a conspiracy between the corporation and its corporate employees, the petition must allege that the latter are acting outside the scope of their authority or other than in the normal course of their corporate duties.")(citing *Dixon v. Reconciliation, Inc.*,

---

[2] Not at this time a party to the action.

291 N.W.2d 230 (1980)). "[A] corporation cannot conspire with itself any more than a private individual can do so." *Dixon*, 291 N.W.2d at 234.

The allegations in Kawa's Sixth Cause of Action based on Civil Conspiracy are sparse. That cause of action refers to the "Defendants" without naming any of them. Kawa's factual allegations appearing earlier in the Amended Complaint, however, demonstrate that he considers US Bank to be a party to the alleged conspiracy. It is US Bank that allegedly sold the debts to other Defendants, knowing that the debts had been satisfied through the settlement agreement. While a corporate employee's allegedly fraudulent actions might ordinarily be considered to take place outside the employee's scope of authority and other than in the normal course of his corporate duties, when the corporation *itself* is the alleged perpetrator of the fraud, and not merely a conduit for the employee's fraudulent scheme, then the employee's actions in facilitating the fraud are done *within* the scope of his corporate duties. *See Upah v. Ancona Bros. Co.*, 521 N.W.2d 895, 901 (Neb. 1994); *Eicher*, 748 N.W.2d at 15-16.

Kawa has not alleged that Strempke's actions were outside the scope of his authority or done other than in the normal course of his corporate duties. The Amended Complaint, therefore, does not allege any conspiracy between US Bank and Strempke. Neither does the Amended Complaint allege any facts from which the Court can infer any conspiracy between Strempke and any other Defendant. Kawa's Sixth Cause of Action based on civil conspiracy fails to state a claim against Strempke upon which relief can be granted.

*Biorn, HS, and Unifund*

Biorn, HS, and Unifund have moved to dismiss Kawa's claims against them based on civil fraud, conspiracy, and breach of contract. Kawa's Fifth Cause of Action based on fraud alleges that "US Bank sold such debts for collection knowing they were not valid debts and in so doing defrauded co-defendants Biorn, HS Financial, and Unifund." (Amended Complaint, Filing No. 18, ¶ 44). Kawa has not alleged that Biorn, HS Financial or Unifund purchased the debts or began collection proceedings knowing that the debts had been satisfied through the settlement agreement. The Fifth Cause of Action does not state a claim against Biorn, HS Financial or Unifund. Kawa's Sixth Cause of Action based on civil conspiracy refers to "Defendants," but neither that cause of action, nor any earlier allegations in the Amended Complaint, state any claim of conspiracy against Biorn, HS, or Unifund. Finally, Kawa's Seventh Cause of Action, based on breach of contract, purports to state a claim against US Bank, only.

Accordingly,

IT IS HEREBY ORDERED:

1. The Motion to Dismiss filed by Defendant US Bancorp, Inc., d/b/a US Bank, N.A. (Filing No. 29) is granted;

2. The Plaintiff's claims against US Bancorp, Inc., d/b/a US Bank, N.A., are dismissed, without prejudice;

3. The Motion to Dismiss filed by Defendant Duane Strempke (Filing No. 31) is granted in part and denied in part;

4. The Motion to Dismiss filed by Defendants Biorn Corporation, HS Financial Group, LLC, and Unifund CCR Partners (Filing No. 33) is granted;

5. The Plaintiff's Sixth Cause of Action based on Civil Conspiracy is dismissed, with respect to all parties, without prejudice;

6. The Plaintiff's Fifth and Seventh Causes of Action, to the extent they purport to present claims against Defendants Biorn Corporation, HS Financial Group, LLC, and Unifund CCR Partners, are dismissed, without prejudice;

7. Defendant Strempke will respond to the Amended Complaint, addressing the Fifth Cause of Action, on or before October 24, 2008; and

8. Defendants Biorn Corporation, HS Financial Group, LLC, and Unifund CR Partners will respond to the Amended Complaint, addressing the First, Second, Third and Fourth Causes of Action, on or before October 24, 2008.

DATED this 14th day of October, 2008.

BY THE COURT

s/Laurie Smith Camp
United States District Judge