IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS J. KAWA,<br>　　　Plaintiff, | CASE NO:　　8:08-CV-091 |
| v. | |
| US BANK, NA, DUANE STREMPKE, Individually and in his Official Capacity; BIORN CORPORATION;  HS FINANCIAL GROUP, LLC;  and UNIFUND CCR PARTNERS,<br>　　　Defendants. | BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |

I. INTRODUCTION

This is an action brought by Plaintiff to remedy a Common Law Fraud, a Civil Conspiracy, violation of the Nebraska Consumer Protection Act ("Nebraska CPA"), Neb.Rev.Stat. §59-1602, 1609; violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq.*; violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C.S. §1681 *et seq.*; and violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.*;  to redress and enjoin the unlawful practices of Defendants and each Defendant in violation of said statutes.

Plaintiff has alleged that he incurred both consumer and commercial debts through various transactions with Defendant US Bank, NA. (Filing 45, ¶13-14). Plaintiff has further alleged that those debts and obligations, together with those incurred by Plaintiff's wife, were satisfied pursuant to a settlement agreement with Defendant US Bank, NA. (Filing 45, ¶15-17). Plaintiff has further alleged that Defendant US Bank sold or otherwise assigned both consumer and commercial debts to co-defendants after said settlement and co-defendants attempted to collect on same. (Filing 45, ¶18-24).

Defendants have moved this Court for a dismissal of claims (Filing 51.) Plaintiff resists this to the extent same grants any relief beyond that previously granted in this Court's order on Defendants' prior motion to dismiss. (Filing 35).

## II. ARGUMENT

### A. Nebraska Consumer Protection Act

Defendant argues that Plaintiff's claim under the NCPA should be dismissed as to all Defendants as Plaintiff has failed to sufficiently plead that Defendants' actions relate to "the sale of assets or services in any commerce directly or indirectly affecting the people of the state of Nebraska." Defendants' assertion that the actions or omissions alleged affect only the Plaintiff is untenable.

The complaint, on its face, alleges that both commercial and consumer debts were involved in the transaction in question and that multiple parties were affected by the acts of Defendants, specifically, Mr. Kawa as an individual, Mr. Kawa as a business principal, Mrs. Kawa, and MoneyMaker's Automotive Surplus. As such, Defendants' request must be denied.

### B. Truth in Lending Act

Defendant argues that Plaintiff's claims under the Truth in Lending Act must be dismissed as Plaintiff's debts are wholly commercial debts. Defendants' position assumes facts that are not pled. Kawa clearly alleges that he incurred both consumer and commercial debts in his dealings with Defendant US Bank.

Plaintiff alleges that during the same time frame as he was operating MoneyMakers and transacting business with US Bank, he also incurred individual debts and obligations to US Bank. Defendant reads this allegation to mean Kawa only incurred

individual debts by way of some personal guarantee of MoneyMaker's commercial debts. Defendant's have misread the complaint. Paragraph 13 clearly alleges both personal and commercial debts were incurred. Paragraph 15 clearly alleges that all debts of any kind whatsoever owed by Kawa, MoneyMaker's and Kawa's wife were discharged subject to the settlement agreement with US Bank. The allegations taken as a whole clearly indicate that Kawa incurred and discharged consumer debts independent of those incurred by MoneyMaker's. Plaintiff will, however, acknowledge that in the event no independent consumer debts can be substantiated, said claim may be properly dismissed pursuant to a dispositive motion under F.R.Civ.P. 56.

      In sum, Plaintiff argues that Defendants' motion with respect to Plaintiff's TILA claim is premature as sufficient facts are pled to state a claim upon which relief may be granted and said claim should be preserved.

C. Fair Credit Reporting Act

      Defendants move this Court for dismissal of Plaintiff's claims under the Fair Credit Reporting Act arguing that there is insufficient allegations that Defendants are users of credit information. Defendants seem to be arguing that the allegations that each Defendant buys, sells, collects on and litigates on extensions of credit without "using" credit information. The notes upon which this action are based are credit information. US Bank sold or transferred that information to collections agencies, its co-defendants. Those agencies then used that credit information to attempt to collect on said satisfied debts. Defendants' position is wholly without merit. As such, Defendants' motion should be denied with respect to this claim.

### D. Fair Debt Collection Practices Act

Defendants again argue that Plaintiff's debts were wholly commercial. This position is not supported by the allegations contained in the complaint as argued in Section B, supra. As such, Plaintiff's FDCPA claim should be preserved.

### E. Civil Conspiracy

Plaintiff concedes that insufficient facts are pled to establish a civil conspiracy and further concedes that its sixth cause of action should be dismissed without prejudice.

### F. Conclusion

Plaintiff submits that, based on the foregoing, this Court should enter an Order on Defendants' motion to dismiss consistent with its October 14, 2008 Order (Filing 35) and require Defendants and each Defendant to file its Answer to the Second Amended Complaint forthwith.

THOMAS J. KAWA, Plaintiff

By:    /s/ Aaron F. Smeall
Aaron F. Smeall, #22756
Aaron F. Smeall, P.C., L.L.O.
619 South 20th Street, Suite 205
Omaha, Nebraska 68102-3118
(402) 341-3000
(402) 346-5893 fax
ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following by causing same to be filed using the CM/ECF system which sent electronic notice to the following:

Craig A Knickrehm
11240 Davenport Street
Omaha, NE 68154-0125

ATTORNEY FOR DEFENDANTS US BANCORP, HS FINANCIAL, BIORN CORPORATION & STREMPKE

this 4th day of February, 2009.

          /s/ Aaron F. Smeall .
          Aaron F. Smeall