IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **THOMAS J. KAWA,** | ) | CASE NO. 8:08CV91 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| **US BANK, NA; DUANE STREMPKE,** | ) | **AND ORDER** |
| **Individually and in his Official** | ) | |
| **Capacity; BIORN CORPORATION;** | ) | |
| **HS FINANCIAL GROUP, LLC; and** | ) | |
| **UNIFUND CCR PARTNERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Motion to Dismiss filed by Defendants US Bank, NA, Duane Strempke, Biorn Corporation, HS Financial Group, LLC, and Unifund CCR Partners. (Filing No. 51). For the reasons set forth below, the motion will be granted in part and denied in part.

**FACTS**

For purposes of the pending motion to dismiss, the following factual allegations in the Second Amended Complaint (Filing No. 45) are accepted as true.

The Plaintiff, Thomas J. Kawa ("Kawa"), is a resident of Douglas County, Nebraska. On or about January 24, 2006, US Bank, NA ("US Bank") obtained a judgment against Kawa and a company in which Kawa owned an interest, MoneyMakers Automotive Surplus, Inc. ("MoneyMakers"). The judgment was in the amount of $455,942.14, plus costs, and was based on debts that Kawa and MoneyMakers owed to US Bank. On or about July 1, 2007, Kawa and US Bank entered into a settlement agreement whereby all debts owed to US Bank by Kawa and his wife,

Debra, were wholly satisfied, and US Bank released any right to collect from Kawa any sums owed or allegedly owed to US Bank by MoneyMakers. Duane Strempke ("Strempke") signed the agreement on behalf of US Bank.

After entering into the settlement agreement, US Bank sold to other Defendants in this action the "right" to collect certain debts from Kawa, although Kawa had been released from any further liability on those debts through the settlement agreement. Such other Defendants[1] attempted to collect the debts from Kawa through correspondence and telephone calls, and they made negative credit reports about Kawa to national credit reporting agencies. Unifund CCR Partners ("Unifund") brought a collection action against Kawa in the Douglas County Court in an attempt to collect the previously satisfied debts.

On March 4, 2008, Kawa brought this action, alleging that the Defendants violated the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1602, 1609 (Reissue 2004); the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Kawa also alleged that US Bank and Strempke committed common law fraud by inducing him to sign a settlement agreement that they did not intend to honor, and that US Bank committed common law fraud by selling his fully satisfied debts for collection. He has alleged that

---

[1] The Second Amended Complaint refers to "co-defendants" without naming them specifically. It is inferred that the reference to "co-defendants" is to all Defendants other than US Bank and Strempke. For the purposes of this Order all Defendants will be collectively referenced as "the Defendants" unless otherwise specified.

all Defendants engaged in a conspiracy to violate the common law of Nebraska, and, finally, that US Bank breached the settlement agreement.

On September 15, 2008, the Defendants filed three separate motions to dismiss Kawa's Amended Complaint, based on different grounds. (Filings No. 29, 31, & 33). In the resulting Order, the Court dismissed all claims against US Bank's parent company, US Bancorp, Inc.; dismissed all claims against Strempke except fraudulent inducement; and dismissed claims of fraud, civil conspiracy, and breach of contract against Biorn Corp. ("Biorn"), HS Financial Group, LLC ("HS"), and Unifund. (Filing No. 35). On November 25, 2008, Kawa filed a Second Amended Complaint, identical to the first Amended Complaint except that US Bank replaced US Bancorp, Inc., as a Defendant. (Filing No. 45). The Second Amended Complaint reasserted the same claims against each of the remaining Defendants in disregard of the Court's previous Order. On November 25, 2008, the Defendants filed the Motion to Dismiss now considered.

**STANDARD OF REVIEW**

The Defendants' motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Second Amended Complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . " *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "[A] well-pleaded complaint may proceed even if it strikes a

savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

## DISCUSSION

*First Cause of Action under the Nebraska Consumer Protection Act*

The Defendants move to dismiss Kawa's First Cause of Action arising under the NCPA, claiming that the Second Amended Complaint does not allege an unfair or deceptive act or practice that has an impact on the public interest. (Brief in Support, Filing No. 52, p.3). In response, Kawa asserts that "multiple parties" were affected by the Defendants' actions: himself, his spouse, and his company. (Brief in Opposition, Filing No. 55, p.2).

The Supreme Court of Nebraska has concluded that the NCPA is an "antitrust measure to protect Nebraska consumers from monopolies and price fixing conspiracies" and that it "is not available to redress a private wrong where the public interest is unaffected." *Nelson v. Lusterstone Surfacing Co.*, 605 N.W.2d 136, 142 (Neb. 2000). The Nebraska Supreme Court did uphold a claim under the NCPA where the defendants engaged in a "pattern of calculated conduct intended to defraud numerous citizens." *Eicher v. Mid Am. Fin. Inv. Corp.*, 748 N.W.2d 1, 12 (Neb. 2008).

Kawa's allegation that the Defendants' actions adversely affected him, his wife, and their business, does not implicate a "public" interest as required by the NCPA. Because the Second Amended Complaint does not allege facts from which the Court can infer damage to the public interest, the First Cause of Action based on the NCPA fails to state a claim on which relief can be granted.

*Second Cause of Action under the Truth In Lending Act*

The Defendants move to dismiss Kawa's Second Cause of Action arising under TILA, arguing that Kawa failed to allege that the debts in question were consumer debts. (Filling No. 52, p.4). While Kawa acknowledges that TILA applies only to consumer debts, he contends that the Second Amended Complaint concerns both business and consumer debts. (Filing No. 55, p.2-3).

Congress clearly intended the TILA to apply to the "extension of consumer credit" by defining consumer credit as transactions that are "primarily for personal, family, or household purposes." 15 U.S.C §§ 1601(a), 1602 (h). Congress explicitly exempted "credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes" from this subchapter of the code. 15 U.S.C. § 1603(1). Ultimately, the primary purpose for which the credit was extended is the critical question.

The Defendants contend that the language in paragraph 13 of the Second Amended Complaint, "during the course of operating Moneymakers," indicates that the credit at issue had a commercial purpose. (Filing No. 45, ¶ 13). Liberally construed, the term "during the course" connotes a period of time, and not the ultimate purpose of the credit. The Second Amended Complaint discusses debts owed by both MoneyMakers and Kawa. (*Id.* ¶ 14). While it might be inferred that Kawa was guaranteeing debts incurred by MoneyMakers for a commercial purpose, Kawa contends that he "incurred and discharged debts independent of those incurred by MoneyMakers." (Filling No. 55, p.3). At this stage of the proceedings, the Court cannot determine with certainty the primary purpose of the extensions of credit. Construing the

Second Amended Complaint liberally, Kawa has stated a claim on which relief can be granted.

*Third Cause of Action under the Fair Credit Reporting Act*

All Defendants have moved to dismiss the Third Cause of Action, based on FCRA. The Defendants contend that the Second Amended Complaint does not give rise to a claim under FCRA, and, more specifically, that Kawa has not alleged that the Defendants were consumer reporting agencies[2] within the scope of FCRA. (Filing No. 52, p.5).

FCRA provides a basis for a variety of actions depending on the facts and the characteristics of the parties. Kawa need not cite the specific section of FCRA allegedly violated, but he must do more than allege the "Defendants violated the provisions of FCRA, 15 U.S.C. § 1681 *et seq.*" (Filing No. 45, ¶ 34). F.R.C.P. 8(a)(2) requires only a "short and plain statement of the claim," but that statement is meant to "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp.,* 127 S.Ct. at 1964 (*quoting Conley v. Gibson*, 355 U.S. 41 (1957)). Kawa's claim is so vague that it does not provide the Defendants with fair notice, allowing them to respond.

---

[2] "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

With respect to the Defendants' contention that they were not consumer reporting agencies within the scope of FCRA, Kawa argues that the debts themselves were based on credit information, *i.e.*, notes, and therefore the debts should qualify as consumer reports. (Filing No. 55, p.3). Kawa cites no authority to support his contention that loans by themselves are consumer reports under FCRA.  Essentially, Kawa is asking the Court to apply FCRA to any extension of credit and any collection action. This Court finds no support for Kawa's novel theory, and concludes that the Second Amended Complaint fails to state a claim upon which relief can be granted.

*Fourth Cause of Action under the Fair Debt Collection Practices Act*

The Defendants move to dismiss Kawa's Fourth Cause of Action arising under FDCPA, claiming that he failed to allege that any of the debts in question were consumer debts. (Filing No. 52, p.6).  Again, Kawa contends that the complaint involves both business debts and consumer debts.  (Filing No. 55, p.4).

The relevant analysis under FDCPA is similar to that required under TILA, as Congress used the same limiting language in both subchapters of the code.  Under FDCPA, the term "debt" applies only where the transactions are "primarily for personal, family, or household purposes . . ."  15 § 1692a(5).  Again, the critical question is whether the debt incurred was primarily for a consumer purpose.

As with Kawa's claim under TILA, at this point in the proceedings, the Court cannot definitively say that the extensions of credit were primarily commercial in nature. When construed liberally, therefore, the Second Amended Complaint states a claim upon which relief can be granted under the FDCPA.

<u>US Bank</u>

US Bank has moved to dismiss all claims against it except for those of civil fraud and breach of contract, the Fifth and Seventh Causes of Action. After the Court dismissed the Sixth Cause of Action in its earlier order, Kawa reasserted the claim against all parties, but now concedes that the Sixth Cause of Action based on civil conspiracy was properly dismissed. (Filing No. 55, p.4). As discussed above and in the prior Order, only the Second, Fourth, Fifth and Seventh Causes of Action remain as to US Bank.

<u>Strempke</u>

Following the Court's Order dismissing all claims against Strempke except the fraudulent inducement claim, Kawa reasserted all seven claims against Strempke in the Second Amended Complaint without alleging any additional supporting facts. As previously ordered, only the Fifth Cause of Action for fraudulent inducement remains as to Strempke.

<u>Biorn, HS, and Unifund</u>

As to Defendants, Biorn, HS, and Unifund, Kawa reasserted several claims that were dismissed in the Court's earlier Order, specifically the Fifth, Sixth, and Seventh Causes of Action. Yet, Kawa did not allege any new grounds in his Second Amended Complaint that would alter the Court's earlier analysis and decision. Therefore, the Fifth, Sixth, and Seventh causes of action are dismissed as to these three Defendants.

Accordingly,

IT IS HEREBY ORDERED:

1.  The Motion to Dismiss filed by the Defendants US Bank, N.A., Duane Strempke, Biron Corporation, HS Financial Group, LLC, and Unifund CCR Partners (Filing No. 51) is granted in part as follows:

    a.  The Plaintiff's First Cause of Action based on the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1602, is dismissed with respect to all parties, without prejudice;

    b.  The Plaintiff's Second Cause of Action based on the Truth In Lending Act, 15 U.S.C. § 1601, and his Fourth Cause of Action based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, to the extent they purport to present claims against Defendant Strempke, are dismissed, with prejudice;

    c.  The Plaintiff's Third Cause of Action based on the Fair Credit Reporting Act, 15 U.S.C. § 1681, is dismissed with respect to all parties, without prejudice;

    d.  The Plaintiff's Sixth Cause of Action based on civil conspiracy is dismissed with respect to all parties, with prejudice;

    e.  The Plaintiff's Fifth and Seventh Causes of Action, to the extent they purport to present claims against Defendants Biorn

>  Corporation, HS Financial Group, LLC, and Unifund CCR Partners, are dismissed, with prejudice; and is otherwise denied;

2.  Defendant Strempke will respond to the Second Amended Complaint, addressing the Fifth Cause of Action, on or before March 23, 2009;

3.  Defendant US Bank, NA, will respond to the Second Amended Complaint addressing the Second, Fourth, Fifth, and Seventh Causes of Action, on or before March 23, 2009;

4.  Defendants Biorn Corporation, HS Financial Group, LLC, and Unifund CR Partners will respond to the Second Amended Complaint, addressing the Second and Fourth Causes of Action, on or before March 23, 2009; and,

5.  The Clerk of the Court is directed to amend the caption in this case by eliminating any reference to US Bancorp, Inc., as a Defendant, but retaining the reference to US Bank, N.A., as a Defendant.

DATED this 13th day of March, 2009.

>  BY THE COURT
>
>  s/Laurie Smith Camp
>  United States District Judge