IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **THOMAS J. KAWA,** | ) | **CASE NO. 8:08CV91** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| **US BANK, NA; DUANE STREMPKE,** | ) | **AND ORDER** |
| **Individually and in his Official** | ) | |
| **Capacity; BIORN CORPORATION;** | ) | |
| **HS FINANCIAL GROUP, LLC; and** | ) | |
| **UNIFUND CCR PARTNERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Defendants' Motion to Strike Fourth Amended Complaint and Rule 12(b)(6) Motion to Dismiss (Filing No. 91).

The factual and procedural background of this case is described in detail in the Court's Memoranda and Orders appearing at Filing Nos. 35 and 57, ruling on prior motions to dismiss. For purposes of the pending motion, it is simply noted that on July 21, 2009, the Plaintiff, Thomas J. Kawa, was given leave of Court to file a Third Amended Complaint. (Filing No. 83). In accordance with the Court's local rules, NECivR 15.1(a), a copy of the Third Amended Complaint was attached to Kawa's motion for leave to amend.[1] (Filing No. 81). Kawa did not file the Third Amended Complaint, however, but instead filed a very different document, captioned "Fourth Amended Complaint," containing four additional pages of claims and allegations. (Filing No. 84).

---

[1] Nebraska Civil Rule 15.1(c) provides: "The granting of the motion for leave to amend does not constitute filing of the amended pleading. If granted leave to amend, the party must then file the amended pleading."

On August 28, 2009, the Defendants moved to strike the Fourth Amended Complaint, and moved to dismiss the causes of action in the unfiled Third Amended Complaint for failure to state claims upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Kawa filed no brief or other response to the Defendants' pending motion, and his time to respond has expired.

"At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." NECivR 41.2.

Accordingly,

IT IS ORDERED:

1. The Defendants' Motion to Strike Fourth Amended Complaint and Rule 12(b)(6) Motion to Dismiss (Filing No. 91) is granted in part and denied in part, as follows:

    a. The Plaintiff Thomas J. Kawa's Fourth Amended Complaint (Filing No. 84) is stricken;

    b. The Plaintiff Thomas J. Kawa's Third Amended Complaint was never filed, and, therefore, the Defendants' Motion to Dismiss the Causes of Action in the Third Amended Complaint, for failure to state claims upon which relief can be granted, is denied as moot;

    c. The Plaintiff Thomas J. Kawa's Second Amended Complaint (Filing No. 45) is dismissed, due to Kawa's failure to prosecute with reasonable diligence;

2. The Motion to Withdraw (Filing No. 95) filed by the Plaintiff's attorney, Matthew T. Knoblauch, is denied as moot; and

3. The Plaintiff Thomas J. Kawa's claims are dismissed, without prejudice.

DATED this 1st day of October, 2009.

                                              BY THE COURT


                                              s/Laurie Smith Camp
                                              United States District Judge